JOHN BRODERICK, Appellant, v. ALLAMAKEE COUNTY, GEORGE J. HELMING, Treasurer.

I .JUNCTION. An injunction to restrain the sale of town lots for taxes will not be granted although the plaintiff claims to have paid assessments upon the property, where the location of the town plat cannot be exactly fixed, except that it was laid out on the southwest quarter section claimed by the plaintiff, and third persons are in possession of some parts of the village plat, but the character of their possession does not appear.

E vidence. In an action to enjoin defendants from selling property at tax sale, when the land is shown to be occupied by others in conjunction with the plaintiff, the latter is put upon proof of his legal title.

*Appeal from Allamakee District Court.*—HON L. E. FELLOWS, Judge,

MONDAY, JANUARY 24, 1898.

ACTION in equity to enjoin defendants from selling certain real estate at tax sale. Decree for defendants. Plaintiff appeals.— *Affirmed.*

*J. H Trewin* for appellant.

*E. M. Woodward* and *M. B. Hendricks* for appellees

WATERMAN, J.—Plaintiff claims to be the owner of the S. W. fractional quarter of section 33 township north, 99 range, west of 3 P. M., in Allamakee county, and that as such owner he has paid taxes upon it for many years past by its description according to government survey. He also alleges that the defendants are about to sell for taxes certain lots and blocks in the town plat of Capoli, or Columbus, which they claim are included in, and located on, the land of plaintiff, upon which, as already said, the tax has been paid. It seems clear that plaintiff's right to the relief sought must rest upon his ownership of the southwest quarter of the section named. If he has no title thereto, then his payment of taxes assessed against it would give him no right to enjoin the sale for taxes on the town lots  It is difficult, if not impossible, to fix the exact location of the town plat in question. About all that can be definitely said is that it was laid out on the fractional quarter section claimed by plaintiff. Some lots in this plat—how many, it is not shown—are in the possession of other persons. Nor does the character of their possession appear. It is enough to say that, when the land is shown to be so occupied by others in conjunction with plaintiff, the latter, in order to maintain a standing in court, is put upon proof of his legal title; and this is the showing he makes: September 2, 1890, he received a tax deed for lot No. 3 in said section. This is the northeast quarter of the southwest quarter  It was sold for taxes October 6, 1879. He obtained a tax deed January 11, 1839, to certain lots and blocks in Capoli, but not including any of those the sale of which he seeks to enjoin, and also the northwest quarter southwest quarter of section 33. October 14, 1889, he received a tax deed for the southwest quarter of the southwest quarter of section 33, except that portion situated in the town of Capoli. Sale held December 1, 1879. He received from one Strong and wife a warranty deed to the undivided one-half of the southwest quarter of the southwest quarter of section 33, excepting that portion that is included in the village of Capoli. Deed dated June 5, 1875. He took title by warranty deed to the southeast quarter of southwest quarter of section 33 from one Charles Gadsby; the conveyance being dated April 21, 1881. But, in showing chain of title to Gadsby, it appears that in Exhibit "R," as shown in the abstract of record (being a deed record introduced by plaintiff, setting out conveyances to Gadsby), there is a complete break in the chain of title; the description there being the southeast quarter of section 33. We have, then, this condition of things: Plaintiff has no legal title to the southeast of the southwest  He has no such title to any part of the southwest of the southwest as is located in the town plat. He avers, and we think correctly, that the location of the town plat cannot be definitely or exactly fixed; and by his own evidence it is established that third persons are in possession of some parts of the land included in the village plat,—what part, or how much, as we have said, does not

appear. Under these circumstances, we are not inclined to interfere with the holding of the lower court. It is true that a plat was introduced by defendant tending to show in what portions of the government subdivisions of the southwest quarter of section 33 the town plat of Capoli lies, but it was objected to by plaintiff, and its correctness questioned; and as it is somewhat indefinite in its outlines, and dubious in character, we shall give it no consideration. Decree below AFFIRMED.